UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SYVANNA E. NICHOLS,

              Debtor.
_____/

Case No. 13-43094
Chapter 7
Hon. Walter Shapero

**<u>OPINION ON MOTION FOR CONTEMPT AS TO EMPIRE LEASING AND GREAT LAKES SUPERSTORE FOR VIOLATION OF THE AUTOMATIC STAY</u>**

This is the Court's decision on Debtor's Motion for Contempt as to Empire Leasing and Great Lakes Superstore ("Creditors") for Violation of the Automatic Stay ("Motion") (Docket No. 8) under 11 U.S.C. § 362(k)(1).

The basic and essential facts are set forth in this Court's Order of February 26, 2013 (Docket # 21). That Order concluded that Creditors violated the Stay and required return of the vehicle in question (which the Creditors accomplished) and set a further hearing. That further hearing was held. That the stay was violated is not really disputed. Additional evidence produced at the last hearing essentially reinforced and expanded upon (but also to a material extent relitigated) what was stated in the February 26th Order, and/or what was the subject of the hearing that led to the entry of that Order. That last hearing also provided evidence for what was the essential and more important focus of that hearing, i.e.: determining what Debtor was entitled to under § 362(k)(1) by way of the mandatorily required actual damages, including costs and attorney fees, and, if appropriate, punitive damages.

Debtor specifically seeks (1) actual damages of $25.00 arising out of amounts paid to provide rides for household needs; (2) out of pocket costs of $298.00 expended by Debtor's attorney; (3)

1

attorney fees arising out of the time spent by Debtor's attorneys relating to the subject of the Motion and the preparation and hearings incidental thereto, the sought after attorneys fees, excluding those for the hearing of March 13, 2013, in the amount of approximately $12,000.00; (4) attorneys fees for appearance and participation of two attorneys in the March 13, 2013, hearing of some five or so hours; and (5) punitive damages in an unspecified amount.

There can be (and it is not seriously objected to) little question about the entitlement to the $25.00 as the actual damages, plus the $298.00. As to punitive damages, the Court does not award any. In so concluding, this Court agrees with the following:

> The imposition of punitive damages is not an action to be taken lightly. This Court has always exercised great restraint in making such an award. Generally speaking, then, cases in which punitive damages have been awarded involve conduct that is egregious, vindictive, or intentionally malicious. *In re Bivens*, 324 B.R. 39, 42 (Bankr. N.D. Ohio 2004).

The actions of the Creditors in this case, while sufficiently willful (that is deliberate and intentional and undertaken with knowledge of the pending bankruptcy) to justify an award of actual damages and attorneys fees and costs, do not rise to that egregious, indicated vindictive or intentionally malicious, or bad faith standard applicable to a punitive damage award. Among other considerations, the complained of actions are not likely to be repeated, and there was no prior significant history of similar actions; and are better characterized as an inappropriate, erroneous, and wrong response and reaction to the Debtor's apparent payment default and being told of the Debtor's impending bankruptcy filing.

Debtor's counsel undertook Debtor's pro bono representation, pursuant to the Court's program providing such to those who meet its financial criteria. As has been noted by the Courts

2

where there is pro bono counsel, such does not preclude an award of an attorneys fees and costs, and Creditors do not dispute this.

The law firm representing Debtor apparently spent a total of some $20,000.00 worth of time so far in this, and except for the extant issue, an otherwise potentially routine Chapter 7 case, of which the indicated lesser amount is being sought as being the fees related to the subject of these proceedings. What is involved is a rental and/or rent- to- own agreement covering a vehicle apparently worth in the vicinity of some $10,000.00, calling for bi-weekly payments of $185, plus the cost of insurance, under circumstances where the ultimate legal status and fate of that agreement and the ultimate rights of the Debtor relating to that vehicle have yet to be determined. While the Court concludes the attorney fees sought are clearly materially excessive and out of proportion to the situation, they just as clearly evidence the research, thoroughness, and zeal which counsel for Debtor laudably brought to their client's cause. The results achieved so far are commendable and deserving of an expression of great appreciation from their client.

That said, the Court finds that (1) as indicated, the time spent went way beyond what the Court believes was a reasonable amount of time commensurate with the complexity, importance, and nature of the issues and tasks involved; and, in light of what ultimately is involved i.e.: the ability of this Debtor to keep this vehicle - a matter which is still left to be determined by possible additional proceedings; (2) the individual performing almost all of the services, while doing so with great dedication, is comparatively young and lacking the kind of evaluation, negotiation, and trial experience that only involvement in a variety of particularly consumer bankruptcy matters over a substantial period of time, and the consequent knowledge and maturity that such brings to such an effort, might well have served to produce a similar and possibly a more global result with a much

lesser expenditure of time; (3) there was a fair amount of duplication and overlap between the two primary hearings involved in disposition of the issues; (4) much more discussion and negotiation between the parties was called for than appeared to have been evident (though it is not totally clear whether or not that was or would have been possible); (5) a great deal of the time spent essentially provided the attorney primarily involved important educational and experiential value useable for the future, but not appropriately chargeable to the Creditors in this particular case. An award of some attorney fees is called for and in an amount materially more than the $1,500 the Creditor's counsel thought would be appropriate. That amount is $3,500. and the Court is concurrently entering an order reflecting the foregoing conclusions.

**Signed on March 21, 2013**

                                          **/s/ Walter Shapero**
                                  **Walter Shapero**
                                  **United States Bankruptcy Judge**